**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**


BRIAN BEVAN,

                    Plaintiff,

-vs-                                                                Case No.  2:03-cv-500-FtM-29SPC

ROD SHOAP, individually and in his official capacity
as Sheriff of Lee County, Florida, JOHN
MCDOUGALL, individually, KENNETH ERNE,
MARK DURLING, HARVEY HUDNALL, FRED
BOND, DAVE BONSALL, ROSS DI PASQUALE,
SERGEANT HAMILTON, RICHARD TRAVIS
COWART, CLAUDIA GADD COWART, JACKIE
COWART, SOUTHWEST UTILITY SYSTEMS,
INC., CHUCK FUNDERMARK and CHUCK'S
WHISKEY CREEK SERVICE, INC.,

                    Defendant.

_____/


**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

_____This matter comes before the Court on the Defendants Rod Shoap, Harvey Hudnall, Fred

Bond, Kenneth Erne, David Bonsall, Mark Durling, John McDougall, Brad Hamilton, Ross Di

Pasquale, George Mitar's (hereinafter Law Enforcement Defendants) Motion for Sanctions (Doc.

# 229) filed on February 2, 2004.

        The Defendants' Rule 37 Motion for Sanctions requests the case be dismissed with prejudice

against the Defendants for the Plaintiff's discovery violations.  Specifically, the Rule reads in

relevant part:

> If a party or an officer, director, or managing agent of a party . . . fails
> (1) to appear before the officer who is to take . . . [a] deposition, after being

> served with proper notice, or (2) to serve answers or objections to interrogatories . . ., or (3) to serve a written response to a request for inspection . . . , the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).  The referenced subsection further provides that, where appropriate, a court is authorized to strike pleadings, stay proceedings, dismiss the action or any part thereof, or render a judgement by default against a disobedient party. Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993)).  However, this discretion is not unbridled. Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993).  Dismissal is an extreme sanction that should only be used as a last resort. Id.  The decision to dismiss a claim or enter default judgement is proper only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986).  Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgement or dismissal. U.S. v. Certain Real Property Located at Route 1, Bryant Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997).

In this case, the Law Enforcement Defendants cite to specific instances where they had to seek the Courts assistance directing the Plaintiff to comply with discovery requests.  In most cases the Plaintiff has either failed to respond or had to be compelled by the Court to comply.  First, the Plaintiff failed to respond to the Court's Order compelling answers to interrogatories (Doc. # 160),

issued on December 16, 2004.  The Court notes that the original requests for production and

interrogatories were propounded on August 6, 2004. The Law Enforcement Defendants state that the

Plaintiff has still refused to either answer or object to the interrogatories that were the subject of this

Court's Order compelling answers to their interrogatories.  The relevant interrogatories included

requests for: the names and addresses of witnesses to the incident the Plaintiff intended to call at trial

and the information to be provided by those witnesses; the expenses he incurred as a result of any

alleged injuries he may have received as a result of the incident; details of any lost compensation as

a result of the incident, lists of medical records that he may possess that were a directly incurred as

a result of the incident; lists of employers that he had worked for in the last five years; and for the

Plaintiff to state a factual basis for the claim that the Plaintiff lost valuable real property. (Doc. # 140

Exhibit A).  Much of the information requested should have been turned over during initial discovery

pursuant to Fed. R. Civ. P. 26(a)(1)(A-E) and is necessary for the Law Enforcement Defendants to

prepare a proper defense against the Plaintiff's charges.

Additionally, the Plaintiff had to be ordered to provide production request that went straight

to the heart of the damages claimed by the Plaintiff including documentation of lost valuable real

property, lost income, medical bills incurred as a result of the incident and Plaintiff's claimed

emotional distress, and any documentation that would support the Plaintiff's calculation for

damages.

Further, the Plaintiff failed to abide by the District Court's Order (Doc. # 214) directing the

parties to file a Joint Pretrial Statement by February 2, 2005, or if that deadline was not met then the

Parties were directed to meet at the U.S. Courthouse on or before February 21, 2005, to prepare and

submit a Joint Final Pretrial Statement.  Because of the Presidents' Day holiday the date for meeting

and submission was extended to February 22, 2005.  The Plaintiff failed to meet with Defendants pursuant to the District Court's Order (Doc. # 214) requiring an in-person meeting to file a Joint Pretrial Statement.  While the District Court's Order relates to matters not involved in this Motion it demonstrates the willful  disregard the Plaintiff has shown toward this Court and the other litigants involved in this case.

After reviewing the record and the information that the Plaintiff has failed to provide during discovery or in response to this Court's Orders, the Court believes the Defendants would suffer extreme prejudice should they have to proceed to trial under the current circumstances.  This Plaintiff has been repeatedly warned by the Court that he must comply with the Federal and Local Rules or face sanctions.  His deliberate and repeated transgressions against this Court's Orders rises to the necessary level of willful and bad faith disregard of this Court's Orders and the  the extreme sanction requested is therefore justified.  Thus, the Court respectfully recommends that the Law Enforcement Defendants' Motion for Sanctions against the Plaintiff for discovery violations should be granted.

Accordingly, it is now

**RECOMMENDED:**

The Defendants Rod Shoap, Harvey Hudnall, Fred Bond, Kenneth Erne, David Bonsall, Mark Durling, John McDougall, Brad Hamilton, Ross Di Pasquale, George Mitar's (herein after Law Enforcement Defendants) Motion for Sanctions Filed  out of Time (Doc. # 229) should be **GRANTED.**

(1) It is respectfully recommended that the case against the Law Enforcement Defendants should be **DISMISSED with PREJUDICE**.

(2) It is further respectfully recommended that the Law Enforcement attorney's fees and costs for bringing this Motion and two previous motions to compel (Docs. # 130 & 140) should be imposed as sanctions against the Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___23rd___ day of February, 2005.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies:
Counsel of Record
Presiding District Judge
DCCD