UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

            Plaintiff,

vs.   Case No. 2:03-cv-500-FtM-29SPC

MIKE SCOTT, individually and in his official capacity as Sheriff of Lee County, Florida, JOHN MCDOUGALL, individually, KENNETH ERNE, MARK DURLING, HARVEY HUDNALL, FRED BOND, DAVE BONSALL, ROSS DI PASQUALE, SERGEANT HAMILTON, RICHARD TRAVIS COWART, CLAUDIA GADD COWART, JACKIE COWART, SOUTHWEST UTILITY SYSTEMS, INC., CHUCK FUNDERMARK and CHUCK'S WHISKEY CREEK SERVICE, INC.,

            Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment and Memorandum of Law in Support Thereof (Doc. #267) filed on September 23, 2005. Also before the Court is Plaintiff's Motion for Reconsideration of Order Accepting the Report and Recommendation of Magistrate Chappell filed on September 27, 2005. (Doc. #268)[1]. Defendants have not filed a response to either motions, and the time to do so has now expired.

---

[1] Plaintiff also filed a duplicate motion on September 29, 2005 (Doc. #269); and the Court will terminate the September 29 Motion as moot.

On September 13, 2005, the Court granted summary judgment as to all the Law Enforcement Defendants, Claudia Cowart, Southwest Utility Systems, Inc. and Chuck's Whiskey Creek Service, Inc. with respect to all pertinent counts. The Court also granted summary judgment to Richard Travis Cowart and Chuck Fundermark as to Counts VI. The summary judgment motions were otherwise denied. (Doc. #264).

On September 19, 2005, the Court accepted and adopted the Report and Recommendation of the magistrate judge as an alternative ruling to its September 13 Opinion and Order granting summary judgment as to the Law Enforcement defendants. (Doc. #266). The magistrate judge recommended dismissal of the Law Enforcement Defendants as a sanction against plaintiff for his willful and bad faith disregard towards the orders of the Court and the other litigants involved in this case. (Id.).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003), citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need

to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

Plaintiff contends that reconsideration is necessary to correct clear error and prevent manifest injustice.  In support of this contention, however, plaintiff has done no more than reargue the merits of his position in his motion for summary judgment and oppositions to defendants' summary judgment motion and motion for sanctions.  The Court has rejected that position and plaintiff has provided no reason to reconsider that decision.  Thus, the Court concludes that plaintiff's motion is due to be denied.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Reconsideration of Order Granting Summary Judgment and Memorandum of Law in Support Thereof (Doc. #267) is **DENIED.**

2.  Plaintiff Motion for Reconsideration of Order Accepting the Report and Recommendation of Magistrate Chappell is **DENIED.** The duplicate motion (Doc. #269) is terminated.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of October, 2005.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record