UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

                Plaintiff,

vs.                           Case No. 2:03-cv-500-FtM-29SPC

MIKE SCOTT, individually and in his official capacity as Sheriff of Lee County, Florida, JOHN MCDOUGALL, individually, KENNETH ERNE, MARK DURLING, HARVEY HUDNALL, FRED BOND, DAVE BONSALL, ROSS DI PASQUALE, SERGEANT HAMILTON, RICHARD TRAVIS COWART, CLAUDIA GADD COWART, JACKIE COWART, SOUTHWEST UTILITY SYSTEMS, INC., CHUCK FUNDERMARK and CHUCK'S WHISKEY CREEK SERVICE, INC.,

                Defendant.
_____/

**ORDER**

     This matter comes before the Court on various pending motions and matters from the pretrial conference completed on February 10, 2006. The Third Amended Joint Pretrial Statement (Doc. #306) filed on February 10, 2006, as discussed in detail in open court, shall control this case.

    Accordingly, it is now

    **ORDERED**:

    1. Defendant Richard Travis Cowart's Motion to Take Judicial Notice of Documents Filed (Doc. #287) is **DENIED** because it is not clear what adjudicative facts defendant wants to be the subject of

judicial notice.  Rather, it appears that the motion goes to the authenticity of various public records documents filed with the court.

2.   Plaintiff's Petition for Alternative Writ of Mandamus (Doc. #300) is **DENIED**.  The court has denied similar petitions in the recent past, and plaintiff presents no reason for the court to reconsider its prior orders.

3.   Plaintiff's Motion in Limine (Doc. #301) is **GRANTED IN PART AND DENIED IN PART**.  Evidence of a prior conviction need not be a felony if the offense involved dishonesty or false statement. Fed. R. Evid 609(a)(2).  On the other hand, the requirements of Rule 609 must be satisfied.

4.   Plaintiff's Motion in Limine (Doc. #302) is **GRANTED IN PART AND DENIED IN PART**.  While certainly not every lawsuit filed by plaintiff is relevant to this case, some may be.  The Court will decide on specific objections raised to specific exhibits or testimony.

5.   Plaintiff's Motion in Limine (Doc. #303) is identical to Doc. #301, and is therefore **DENIED** as moot.

6.   Defendant's Motion in Limine (Doc. #308) is **GRANTED** as to witness Kerry Griner, but is denied as to Jack Morgan and Joe Boggs (as a fact witness, not an expert).  Mr. Morgan was visible on the recorded events which underlie this case and was or could have been known to defendant.  The Court assumes that the parties will inform

the jury during the presentation of the recordings that the man on the other side of the fence was not defendant Cowart.

7. Plaintiff's Motion in Limine (Doc. #312) is **DENIED** to the extent that neither Scott Whitaker or Marvin Kyser is called as an expert witness. Plaintiff may object to specific testimony at trial.

8. As stated at the February 10, 2006, pretrial conference, the two video recordings listed on page 4 as plaintiff's exhibit 3 are admitted, and the parties shall use the copies previously provided to the court in connection with the summary judgment motions. Plaintiff's proposed exhibits 1, 2, 4, and 5 are inadmissible. Plaintiff's proposed exhibit 6 was withdrawn by plaintiff. On page 4A, plaintiff's exhibits 1, 2, 4, 5, and 7 and not admissible. As to the additional exhibits on page 4A, exhibits 1, 2, 4, 5, 6, 7, and 8 are not admissible; the court takes the admissibility of exhibit 3 under advisement pending trial. As to the exhibits on page 4B, exhibits 9, 10, and 12 are not admissible; the court takes exhibits 11 and 13 under advisement.

9. As stated at the February 10, 2006, pretrial conference, the admissibility of defendant's exhibits at page 5, exhibits 1 through 6, 9, 13, 14, and 15 are taken under advisement; exhibits 7, 8, 10, 11, 12 are admitted.

10.  Plaintiff's oral request to add Joe Boggs to his witness list at page 5 is **GRANTED** to the extent he is added as a fact witness, not an expert witness.

11.  Plaintiff will not be allowed to call opposing counsel as witnesses, as he suggests at page 5.

12.  Plaintiff will not be allowed to call Dr. Frederick Schaerf or Kerry Griner, as listed on page 6.

13.  Plaintiff's objection (page 6) to witnesses Scott Whitaker and Marvin Kyser is overruled to the extent they will be allowed as fact witnesses, not expert witnesses.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Brian Bevan