```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRIAN BEVAN,

           Plaintiff,

vs.                        Case No.   2:03-cv-500-FtM-29SPC

MIKE SCOTT, individually and in his official capacity as Sheriff of Lee County, Florida, JOHN MCDOUGALL, individually, KENNETH ERNE, MARK DURLING, HARVEY HUDNALL, FRED BOND, DAVE BONSALL, ROSS DI PASQUALE, SERGEANT HAMILTON, RICHARD TRAVIS COWART, CLAUDIA GADD COWART, JACKIE COWART, SOUTHWEST UTILITY SYSTEMS, INC., CHUCK FUNDERMARK and CHUCK'S WHISKEY CREEK SERVICE, INC.,

           Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on "Claudia Cowart and Richard T. Cowart's Motion for Costs, Fees and Further Relief" (Doc. #324), filed on February 18, 2006.  The motion seeks relief for both Claudia and Richard Cowart, Jackie Cowart and Southwest Utilities Systems, Inc., although not all parties are named in the caption of the motion.  Plaintiff Brian Bevan filed a Response (Doc. #326) on February 24, 2006.

**I.**

    On August 29, 2003, plaintiff Brian Bevan initiated this case against the Lee County Sheriff's Department, various deputies, and others, including the Cowarts, seeking damages under 42 U.S.C. §

1983.  In due course some defendants were dismissed, some were granted summary judgment, some settled, and Richard Cowart went to trial and prevailed.

Defendants have always viewed this lawsuit as mere harassment by the plaintiff.  On January 15, 2004, the Court entered an Order (Doc. #85) stating in part that "[i]f defendants are correct that the action is simply intended as harassment, there are sanctions and remedies available against both plaintiff and his counsel; if plaintiff is correct that he has a bona fide claim, he is entitled to judgment."  (Doc. #85, pp. 3-4).  The Court dismissed defendant Jackie Cowart the same day by separate order, and Judgment was entered in her favor.  (See Doc. #86).

On September 13, 2005, the Court issued an Opinion and Order (Doc. #264) granting Judgment in favor of all defendants as to Count I; in favor of all defendants as to Count II, except as to Richard Travis Cowart as it related to the Fourth Amendment claim for the seizure of the trailer; in favor of all defendants as to Count III, except as to Chuck Fundermark as it related to the Fourth Amended claim for the seizure of the trailer; in favor of all defendants and against plaintiff as to Count IV, except as to Richard Travis Cowart; in favor of all defendants as to Count V; and in favor of all defendants as to Counts VI, VII, and VIII.  On September 19, 2005, the Court also entered an Order (Doc. #266) accepting and adopting a Report and Recommendation in the alternative to the ruling granting summary judgment as to the Law

Enforcement Defendants based on plaintiff's failure to comply with the Court's Orders.  On December 21, 2005, the Eleventh Circuit Court of Appeals dismissed plaintiff's interlocutory appeals for lack of jurisdiction.  (See Docs. #279-#280).

On February 3, 2006, plaintiff, Chuck Fundermark, and Chuck's Whiskey Creek Service, Inc. filed a Stipulation for voluntary dismissal and these defendants were dismissed.  Jury trial commenced February 14, 2006, and the jury rendered a verdict (Doc. #320) in favor of Richard Cowart on February 16, 2006.

## II.

Defendants Richard T. Cowart, Jackie Cowart, Claudia Cowart and Southwest Utilities Systems, Inc. seek attorney fees and costs pursuant to 28 U.S.C. § 1927[1] and 42 U.S.C. § 1983.  These defendants also seek injunctive relief precluding plaintiff, Jane Bevan, Lisa Bevan, and Andrew Bevan from any further filings against defendants, witnesses, court personnel, jurors, counsel, and their families, representatives and law firms, absent leave of court.  Plaintiff argues that the case is not frivolous, citing Fla. Stat. § 57.105, and that the imposition of the injunction would essentially bar him from seeking recourse in a court of law.

Under 42 U.S.C. § 1988(b), a party prevailing under 42 U.S.C. § 1983 is entitled to "a reasonable attorney's fee as part of the

---

[1] The Court assumes that defendant intended to cite 28 U.S.C. § 1927, as the United States Code contains no § 1927 in Title 42.

costs." The Supreme Court, however, has held that in civil rights cases the "plaintiff should not be assessed his opponent's attorney fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). A district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)(citation omitted). This determination is to be made on a case-by-case basis, and a non-exhaustive list of factors to be considered include: (1) whether plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005).

**A.  Jackie Cowart:**

On January 15, 2004, the Court reviewed the Affidavit of Jackie Cowart, Richard Cowart's wife since 2002, which stated that she was not involved with the 1999 events, was not present for them, and had no personal knowledge of the incidents. Plaintiff did not file an Affidavit to the contrary, and the Court granted summary judgment in her favor. (See Doc. #86). The Court finds

that the case against Jackie Cowart was frivolous, unreasonable, groundless, and without any foundation. Jackie Cowart was a prevailing party by virtue of summary judgment in her favor, and is entitled to attorney's fees under § 1988. The Court will award **$1,563.00** as attorney fees to Jackie Cowart.

**B.  Southwest Utilities Systems, Inc.:**

Summary judgment was entered in favor of Southwest Utilities Systems, Inc. and against plaintiff (Doc. #264), so it qualifies as a prevailing party. The Court cannot say, however, that the case against it satisfied the heightened standard summarized above. Employees of the company were present at the scene, the company's heavy equipment was used to remove the gate, and the removal facilitated the towing of the trailer. Therefore, the request for attorney fees under § 1988 will be denied as to this defendant. Necessarily, the request for attorney fees under § 1927 and the Court's inherent power will also be denied. Cordoba, 419 F.3d at 1180.

**C.  Claudia Cowart:**

In dismissing the case against Claudia Cowart, the Court specifically found that Claudia Cowart was not present at the scene and had no basis for personal liability. (See Doc. #264, p. 27). The Court finds that the claims against Claudia Cowart were frivolous, unreasonable, groundless, and without any foundation. The mere fact that she was previously married to Richard Cowart,

and lived at the property during the time of the relevant events, does not subject her to suit when she was not present at the scene or otherwise involved with the on-going property disputes. As a result, the Court will grant the request for attorney's fees under § 1988 as to Claudia Cowart. Counsel will be required to separate the amount requested to reflect the appropriate fees for Claudia Cowart only.

**D.  Richard Cowart:**

Viewing the evidence in the light most favorable to the non-prevailing party, as the Court must, Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003), the Court cannot find that the case was frivolous or without foundation as to Richard Cowart. The Court found sufficient factual disputes to preclude summary judgement and a judgment as a matter of law. The fact that the jury rendered a verdict in Cowart's favor does not mean that plaintiff's case was without foundation. The Court did find plaintiff's "Motion for Recusal of Magistrate Judge Sheri Polster Chappell Together With a Motion Requesting Rescinding and Striking From the Record All of Her Orders and Recommendations" (Doc. #253) patently frivolous, and the Court did grant a Report and Recommendation in the alternative as a sanction. However, there is no basis for the additional sanction of attorney fees. The Court declines to award fees and expenses to defendant Richard Cowart as a prevailing party under § 1988, or under § 1927, or the Court's inherent power.

**III.**

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These are separate from expenses or nonstatutory costs under § 1988, and must be considered separately. See Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189 (11th Cir. 1983); Cappeletti Brothers, Inc. v. Broward County, 754 F. Supp. 197, 198 (S.D. Fla. 1991).

The Court finds that all four prevailing defendants are entitled to costs under 28 U.S.C. § 1920. In order to determine the reasonable costs, defendants must complete and file a Bill of Costs with a supporting memorandum of law. The Court will take this portion of the motion under advisement.

**IV.**

Defendants seek an injunction enjoining Brian Bevan, Jane Bevan, Janet Bevan, Lisa Bevan and/or Andrew Bevan from any further

filings without leave in any Court against a broad group including counsel and their families and representatives and law firms. The Court declines to impose an injunction with such broad parameters. The Court does not have jurisdiction over the non-party family members of Brian Bevan, much less other courts. As to Mr. Bevan, the Court cannot say that his conduct merits an injunction at this point.

Accordingly, it is now

**ORDERED**:

1. Claudia Cowart and Richard T. Cowart's Motion for Costs, Fees and Further Relief (Doc. #324) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. The motion for attorney fees and expenses is denied as to Southwest Utility Systems, Inc.;

   b. The motion for attorney fees is granted as to Jackie Cowart in the amount **$1,563.00**;

   c. The motion for attorney fees is granted as to Claudia Cowart, with counsel to submit a breakdown of the fees expended for Claudia Cowart within **TEN (10) DAYS** of this Opinion and Order; and

   d. The motion for attorney fees is denied as to Richard Cowart.

2. The motion for injunctive relief is **DENIED** in its entirety.

3.  The request for § 1920 costs is **taken under advisement** pending the submission of a Bill of Costs and supporting Memorandum of Law within **TEN (10) DAYS**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of May, 2006.

                                                                                      _____
                                                                                      JOHN E. STEELE
                                                                                      United States District Judge

Copies:
Plaintiff
Counsel of record