```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BRIAN BEVAN,

               Plaintiff,

vs.     Case No. 2:03-cv-500-FtM-29SPC

MIKE SCOTT, individually and in his official capacity as Sheriff of Lee County, Florida, JOHN MCDOUGALL, individually, KENNETH ERNE, MARK DURLING, HARVEY HUDNALL, FRED BOND, DAVE BONSALL, ROSS DI PASQUALE, SERGEANT HAMILTON, RICHARD TRAVIS COWART, CLAUDIA GADD COWART, JACKIE COWART, SOUTHWEST UTILITY SYSTEMS, INC., CHUCK FUNDERMARK and CHUCK'S WHISKEY CREEK SERVICE, INC.,

               Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on consideration of the following pending motions: plaintiff's Motion for Reconsideration of Order Granting Attorney Fees to Claudia Cowart (Doc. #349), filed May 11, 2006; defendants' Motion to Alter or Amend May 5 order as it Pertains to Denial of Injunctive Relief (Doc. #353), filed May 17, 2006; defendants' Motion to Strike (Doc. #354), filed May 30, 2006; and plaintiff's Motion to Rescind Order for Attorney Fees (Doc. #356), filed on June 5, 2006.

On May 5, 2006, the Court entered an Opinion and Order (Doc. #348) granting attorney's fees in favor of Jackie Cowart in the

amount of $1,563.00 finding that the case was frivolous, unreasonable, groundless, and without any foundation; denying attorney's fees to Southwest Utilities Systems, Inc.; granting attorney's fees in favor of Claudia Cowart finding that the case was frivolous, unreasonable, groundless, and without any foundation; denying attorney's fees to Richard Cowart; and granting taxable costs under 28 U.S.C. § 1920 to all prevailing defendants upon the filing of a Bill of Costs and a supporting memorandum of law. The Court further denied defendants' request for an injunction. Defendant Claudia Cowart was directed to provide a breakdown of fees expended by her separate from other defendants.

I.

Plaintiff seeks reconsideration of the Opinion and Order, arguing that the case against Claudia Cowart was not baseless. More specifically, plaintiff argues that the Lee County Sheriff's Office and District Court's consistent reference to the "Cowarts," and Claudia Cowart's own Affidavit demonstrate her involvement with the seizure and destruction of plaintiff's property.

Liberally construing plaintiff's *pro se* motion, the Court will construe the motion as brought under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud [ ]; . . . or (6) any other reason justifying relief from

>the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

As plaintiff does not specify which ground applies, the Court will assume he is requesting relief und the "catchall provision" of Rule 60(b)(6). See St. Fleur v. City of Ft. Lauderdale, 149 Fed. Appx. 849, 852 (11th Cir. 2005). Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)).

Having reviewed the Court's September 13, 2005, Opinion and Order (Doc. #264) and October 18, 2005, Opinion and Order (Doc. #271), the Court finds no cause shown for reconsideration. The Affidavit of Claudia Cowart (Doc. #161-3, ¶ 6) clearly states "I did not personally participate in the removal of the trailer and gate from our property, and was not physically present on August 31, 1999, when the events that are the subject of this action occurred." The Court clearly found that Claudia Cowart presented no basis for personal liability and granted summary judgment in her favor. Plaintiff simply seeks to re-litigate the undisputed facts in this case and reconsideration is not appropriate under such circumstances. "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."

<u>Painewebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion will be denied.

## II.

Defendants seek to alter or amend the Opinion and Order (Doc. #348), pursuant to Fed. R. Civ. P. 59(e), denying injunction relief. Initially, the Court notes that Federal Rule of Civil Procedure 59(e) does not apply as no judgment has been entered. In the alternative, the Court will construe the motion as brought under Federal Rule of Civil Procedure 60(b) as defendants essentially seek reconsideration on the basis of newly discovered evidence and/or any other basis justifying relief.

Defendants cite FLA. STAT. § 68.093 (2005), also known as Florida Vexatious Litigant Law, arguing that this case is the fifth case against defendants justifying the imposition of an injunction barring future litigation. Florida's Vexatious Litigant Law provides that a "vexatious litigant" is any person "who, in the immediately preceding 5- year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state . . . which actions have been finally and adversely determined against such person or entity . . . ." FLA. STAT. § 68.093(2)(d). Even assuming that the Florida Statute may be first applied by a federal court, the statute *clearly* states that an action is "*not* deemed to be "finally and adversely determined" if an appeal in that action is pending." Fla. Stat. 68.093(2)(d).

Plaintiff filed a Notice of Appeal (Doc. #341) to the Eleventh Circuit Court of Appeals on March 20, 2006, from the final judgment, which remains pending. Therefore, the motion will be denied on this basis.

## III.

Defendant Claudia Cowart seeks to strike plaintiff's motion for reconsideration. The Court did not consider any of the attached exhibits as plaintiff failed to demonstrate a reasonable basis for reconsideration. The Court denied the motion for reconsideration above, therefore the motion will be denied as moot and the request for attorney's fees related to the filing of this motion will be denied.

## IV.

Plaintiff seeks to "rescind" the Order for attorney's fees alleging fraud by counsel for defendants on the basis that the fees include billable hours related to the state court actions. The Court has determined that the award is appropriate, however, the actual amount has yet to be determined. To the extent that plaintiff is alleging double-billing, the objection is so noted. The motion is otherwise denied as there is no evidence supporting the allegation that counsel has double-billed and collected twice for work performed.

**V.**

Defendant Claudia Cowart filed a Breakdown of Fees Expended for Claudia Cowart (Doc. #351), in response to the Court's Opinion and Order (Doc. #348), indicating a total of $48,042.00 out of the $72,000.00 sought for Claudia and Richard Cowart collectively. Specifically, counsel eliminated the hours attributable to Richard Cowart only. The remaining amount represents work that would have been completed regardless of Richard Cowart's presence because Claudia's defense presented many of the same issues and basis for research. Upon review, the Court will award the amount requested in favor of Claudia Cowart.

**VI.**

Also in response to the Court's Opinion and Order (Doc. #348), defendants have filed a Bill of Costs (Doc. #350) and Affidavit of Proof of Indebtedness and Costs (Doc. #352). Defendants seek $555.74 in taxable costs pursuant to 28 U.S.C. § 1920. Although the Court finds that defendants are prevailing parties and entitled to costs, the Court will review the amounts to determine whether they were reasonable.

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Expenses or nonstatutory costs are separate from statutory costs and must be considered with a request for fees. See Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189

(11th Cir. 1983). Therefore, at the onset, the Court will eliminate the request for the oversized exhibit $114.48 and $14.56 as overhead expenses.

The remaining amount requested includes copying costs; court reporter costs; service costs; and witness fees. Under Section 1920, the following costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> . . . .

Under 28 U.S.C. § 1920(4), only costs for "copies of papers necessarily obtained for use in the case" may be taxed. The Court finds that the $60.00 for copies were necessary to the case. "Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642, *5 (M.D. Fla. 2001)(citing Goodwall Constr. Co. v. Beers, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992)). The request for $24.70, the transcript of the pretrial conference, will be eliminated under this premise.

Costs incurred as a result of private process servers may be taxed under 28 U.S.C. § 1920(1), so long as the amount does not exceed the statutory limit. United States EEOC v. W&O, Inc., 213

F.3d 600, 624 (11th Cir. 2000). Under 28 C.F.R. § 0.114(a)(3), the United States Marshal charges $45.00 per hour for each item served personally plus travel and out-of-pocket expenses. Therefore, the request for $82.00 will be permitted.

Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee plus travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. <u>Morrison v. Reichhold Chems., Inc.</u>, 97 F.3d 460, 463 (11th Cir. 1996); <u>Cronin v. Washington Nat'l Ins. Co.</u>, 980 F.2d 663, 672 (11th Cir. 1993). The witnesses were paid for attendance, parking, and mileage. Therefore, the costs will be allowed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Reconsideration of Order Granting Attorney Fees to Claudia Cowart (Doc. #349) is **DENIED**.

2. Defendants' Motion to Alter or Amend May 5 order as it Pertains to Denial of Injunctive Relief (Doc. #353) is **DENIED**.

3. Defendant Claudia Cowart's Motion to Strike (Doc. #354) is **DENIED** and the request for fees and an injunction are also **DENIED**.

4. Plaintiff's Motion to Rescind Order for Attorney Fees (Doc. #356) is **DENIED**.

5. The previously granted motion for attorneys fees as to Claudia Cowart is granted in the amount of **$48,042.00.**

6. Plaintiff is taxed **$ 402.00** for taxable costs in favor of defendants Richard T. Cowart, Jackie Cowart, Claudia Cowart, and Southwest Utilities Systems, Inc.

7. The Clerk shall enter an Amended Judgment to include:

> a. Attorney fees in favor of Jackie Cowart in the amount of $1,563.00;
> b. Attorney fees in favor of Claudia Cowart in the amount of $48,042.00; and
> c. Taxable costs against plaintiff and in favor of defendants Richard T. Cowart, Jackie Cowart, Claudia Cowart, and Southwest Utilities Systems, Inc. in the amount of $402.00.

8. The Clerk shall forward a copy of this Opinion and Order to the Eleventh Circuit Court of Appeals forthwith as a pending Notice of Appeal was filed from the May 5, 2006, Opinion and Order (Doc. #348).

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of August, 2006.

JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of record